## HAIGLER v. LOGAN MOTOR CO.
### No. 1160.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 7, 1952.

Decided Jan. 24, 1952.

Albert K. Johnson, Washington, D. C., with whom Ellis Klein, Washington, D. C., was on the brief, for appellant.

Robert T. Smith, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This case arose out of an alleged sale by appellant to appellee of a stolen automobile. Appellee having resold the automobile was compelled to refund the purchase price and he sued appellant for restitution. A jury found in appellee's favor.

The only errors assigned and argued on this appeal relate to argument to the jury by appellee's counsel. Claim is made that the argument contained remarks so derogatory of appellant as to constitute prejudicial error. One remark characterized a scheme of appellant as a method of defrauding the Government of taxes; another referred to a "bad check"; another made reference to appellant avoiding the service of process in a suit in Virginia; and another referred to appellant as a "speculator." The trial court sustained objections to the remarks concerning the bad check and avoidance of process, but held the other remarks proper argument.

■ The record brought here by appellant contains argument of appellee's counsel but does not contain the evidence in the case, the argument for appellant or the judge's charge to the jury. Arguments to a jury ought to be fair and based on the evidence or on that which may be properly inferred from the evidence[1], but whether an argument is fair or based on the evidence cannot be determined, except in extreme cases, without viewing the argument in the light of the evidence and other proceedings in the trial. On the record before us we cannot say that the argument was either unfair or unjustified by the evidence or constituted prejudicial error.

■ Appellant also claims that the trial judge was in error in showing impatience and loss of temper when ruling on objections made by appellant. The record does not sustain this claim.

The record discloses no prejudicial error and the judgment must be affirmed.

Affirmed.

